UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED DAKOTA GUIN,<br><br>      Plaintiff,<br><br>      v.<br><br>SUPERIOR COURT OF TUOLUMNE COUNTY, *et al.*,<br><br>      Defendants. | Case No. 1:25-cv-00440-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND TO PROSECUTE THE CASE<br><br>(Doc. 5)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Jared Dakota Guin ("Plaintiff") is a pretrial detainee and proceeds pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. 1).

On February 17, 2026, the Court entered the first screening order, finding the complaint fails to state any cognizable claim against any named Defendants. (Doc. 5 at 11). Because the Court found that Plaintiff may be able to cure the identified deficiencies of his complaint, Plaintiff was granted leave to further amend his complaint. *Id*. at 11-12. Plaintiff was directed within 30 days from date of service of the order to file either a first amended complaint ("FAC") curing the deficiencies identified in the first screening order, a notice indicating his intent to stand on the complaint which will prompt the undersigned to recommend dismissal of the deficiently pled complaint, or a notice of voluntary dismissal. *Id*. Plaintiff was forewarned that "**[a]ny failure by**

**Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**.” *Id.* (emphasis original). The screening order was served on Plaintiff that same day. *See* Dkt. (02/17/2026) (Screening Order served on Jared Dakota Guin). On March 4, 2026, the screening order was returned and marked “Undeliverable, Not in Custody.”[1] *See* Dkt. text (03/04/2026).

The time to comply with the first screening order has passed (*i.e.*, March 19, 2026), and Plaintiff failed to file either a FAC, a notice of his intent to stand on the complaint, or a notice of voluntary dismissal. Accordingly, the undersigned issues the following findings and recommendations that this action be dismissed without prejudice for Plaintiff's failure to obey a court order and to prosecute this action.

**Governing Authority**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that “[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.” E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a “pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the

_____

[1] Although the docket reflects that Plaintiff is not in custody based on the returned mail of service of the first screening order, service thereof is deemed effective pursuant to Local Rule 135(e). *See* Local Rule 135(e) (“Service of all documents authorized to be serviced in accordance with [Fed. R. Civ. P. 5] shall be complete when served upon a party appearing in propria persona.”) (citing Fed. R. Civ. P. 4.1).

2

prior address of the … pro se party shall be fully effective." Local Rule 182(f). Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b) (emphasis omitted).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to file a response to the Court's first screening order granting him leave to file either a FAC, a notice of his intent to stand on the complaint, or a notice of voluntary dismissal, and otherwise has failed to timely request any extension of the deadline to comply with the order, and the time to do so has passed. Plaintiff therefore has failed to comply with the Court's orders.

Given the Court's service of the first screening order on February 17, 2026, making the time for Plaintiff to comply due by March 19, 2026, and Plaintiff's failure to file any response in compliance with the order, there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

3

action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Plaintiff's participation to prosecute the case and file a FAC curing the deficiencies identified in the first screening order, a notice to stand on his complaint, or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) if he no longer wishes to pursue this action. The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead failed to comply with this Court's orders and, thus, is impeding the progress of this action. More than 30 days have passed since the first screening order was served upon Plaintiff, yet Plaintiff has failed to file a response in compliance with the order. Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order granting Plaintiff leave to amend and requiring a response from Plaintiff cautioned: "**Any failure by Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute**." (Doc. 5 at 12) (emphasis original). Plaintiff was adequately forewarned that the failure to timely file either a FAC, a notice to stand on his complaint, or a notice of voluntary dismissal would result in terminating sanctions. The undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's orders. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

4

In sum, Plaintiff has failed to comply with this Court's order, and in doing so, has failed to prosecute this action. Having weighed the equities and considered the relevant factors noted above, the undersigned concludes that dismissal of the action is warranted.

**Conclusion, Order, and Recommendation**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. The Court DISMISS this action without prejudice for Plaintiff's failure to obey the Court's orders and to prosecute this action.

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **March 23, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

5