**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JARED DAKOTA GUIN,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF TUOLUMNE COUNTY, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00440 JLT CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS AND LOCAL RULES<br><br>(Doc. 7) |

Jared Dakota Guin, a pretrial detainee, proceeds pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. 1.) On February 17, 2026, the Court entered the first screening order, finding the complaint failed to state any cognizable claim against any named Defendants. (Doc. 5 at 11.) The Court required Plaintiff to file within 30 days either a first amended complaint, a notice indicating his intent to stand on the complaint, or a notice of voluntary dismissal. (*Id*.) The Court warned Plaintiff that "[a]ny failure by Plaintiff to timely comply with this order will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute." (*Id*.) The Court served the screening order on Plaintiff that same day. (*See* Docket.) On March 4, 2026, the screening order was returned and marked "Undeliverable, Not in Custody."[1] (*Id*.)

Following Plaintiff's failure to file a response to the screening order, on March 23, 2026, the assigned magistrate judge issued findings and recommendations to dismiss this action without prejudice for Plaintiff's failure to prosecute and to obey Court orders and the Local Rules. (Doc. 7.) The Court served the findings and recommendations on Plaintiff, informed him that any

---

[1] Though Plaintiff is not in custody based on the returned mail of service of the first screening order, service is deemed effective. *See* Local Rule 135(e).

objections were due within 14 days, and warned him that failure to timely file objections may result in the waiver of certain rights on appeal. (*Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) No objections were filed and the time to do so has now passed.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on March 23, 2026 (Doc. 7) are **ADOPTED IN FULL**.
2. This action is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case and to comply with court orders and the Local Rules.
3. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated: __**April 16, 2026**__

_____
UNITED STATES DISTRICT JUDGE

2